**Estate of Mark Anthony PEREZ; Olivia Alves, individually and in her capacity as Administrator of the Estate of Mark Anthony Perez; Don Alves, as Guardian Ad Litem for Emarciano Perez and Makala Perez, Plaintiffs— Appellees,**

v.

**Carlos JACOBO, Defendant—Appellant,**

**and**

**Don Williams, M.D.; Juan Calzetta, M.D., Defendants.**

Estate of Mark Anthony Perez; Olivia Alves, individually and in her capacity as Administrator of the Estate of Mark Anthony Perez; Don Alves, as Guardian Ad Litem for Emarciano Perez and Makala Perez, Plaintiffs—Appellants,

v.

Carlos Jacobo; C.A. Terhune, Director of the CDC, Defendants—Appellees,

and

Don Williams, M.D.; Juan Calzetta, M.D., Defendants,

v.

Michael E. Basse, Third-party-defendant.

ESTATE OF Mark Anthony Perez; Olivia Alves, individually and in her capacity as Administrator of the Estate of Mark Anthony Perez; Don Alves, as Guardian Ad Litem for Emarciano Perez and Makala Perez, Plaintiffs—Appellees,

v.

Carlos Jacobo, Defendant—Appellant,

and

Don Williams, M.D.; Juan Calzetta, M.D., Defendants.

Nos. 00–17301, 00–17333, 01–17151.
D.C. No. CV–99–20117–JF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2002.*

Decided Jan. 7, 2003.

Before TASHIMA, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

In this civil rights action under 42 U.S.C. § 1983, alleging a violation of the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

right to be free from cruel and unusual punishment, the district court denied summary judgment to Carlos Jacobo (Jacobo), a correctional officer at Salinas Valley State Prison (SVSP) on both the merits and the grounds of qualified immunity. Jacobo appeals the denial of qualified immunity. The district court, however, granted summary judgment to Gary Lindsey (Lindsey), the warden at SVSP, and C.A. Terhune (Terhune), the Director of the California Department of Corrections, on the merits and to Lindsey on the basis of qualified immunity. The Estate of Perez (the Estate) cross-appeals the summary judgment in favor of Terhune and Lindsey. We affirm the district court's denial of qualified immunity to Jacobo and affirm the summary judgment in favor of Lindsey and Terhune.

**Jacobo's Appeal of the Denial of Qualified Immunity**

We reject the Estate's argument that we lack jurisdiction over Jacobo's appeal. Because this interlocutory appeal is based on questions of law – do the facts as alleged support a claim that clearly established law was violated, and under the facts as alleged could a reasonable officer resort to the use of a lethal weapon – we have jurisdiction to review the district court's denial of qualified immunity. *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir.2001).

Jacobo alleges that the district court failed to distinguish the qualified immunity analysis from an analysis on the merits. We conclude that the district court's ruling satisfies the requirements set forth in the two-part qualified immunity test established by *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under the first prong, viewed in the light most favorable to the Estate, the facts alleged show that Jacobo's conduct violated Perez's Eighth Amendment right to be free from cruel and unusual punishment.

*See Saucier*, 533 U.S. at 201. An assessment of the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted demonstrate that Jacobo, accepting the Estate's version of the facts, did not shoot Perez in a good faith effort to restore discipline and order but rather that he resorted to lethal force "maliciously and sadistically for the very purpose of causing harm." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002), *quoting Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

The Estate has also established the second prong of the *Saucier* test – that the Eighth Amendment right at stake was clearly established. *See Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. Under the Estate's version of the facts, a reasonable officer on the scene would not have resorted to lethal force to break up a mutual fist fight between Perez and the other inmate; the officer would have been on notice that such an unnecessary use of force "maliciously or sadistically for the very purpose of causing harm" constituted a violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 320–21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Under the Estate's version of the facts, Jacobo also could not have made a reasonable mistake as to the necessity of the use of force nor as to the law governing his actions. *See Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir.2002).

Next, Jacobo alleges that the district court erred by indicating that it would refuse to entertain Jacobo's Fed.R.Civ.P. 60(b) motion to reconsider its ruling in light of the U.S. Supreme Court's recent

decision in *Saucier.* Jacobo filed his 60(b) motion while this appeal was pending, one year after the district court issued its order denying Jacobo qualified immunity. Because a district court order declining to entertain a Rule 60(b) motion while an appeal is pending is a procedural ruling and not a final determination on the merits, we do not have jurisdiction over this issue and cannot review it on appeal. *See Defenders of Wildlife v. Bernal,* 204 F.3d 920, 930 (9th Cir.2000).

**Summary Judgment as to Lindsey and Terhune**

We have jurisdiction over the Estate's appeal under 28 U.S.C. § 1291, because the district court certified its summary judgment in favor of Lindsey and Terhune as a final judgment under Fed.R.Civ.P. 54(b). Under § 1983, vicarious liability may not be imposed on supervisory officials unless "there exists *either* (1) his or her personal involvement in the constitutional deprivation, *or* (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" committed by the subordinate. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (internal citations omitted) (*en banc*). The Estate fails to demonstrate that Lindsey's shooting policy or yard policy constituted a violation of the constitutional rights of SVSP prisoners or that there was a causal connection between the policies and the action taken.[1] *See Id.* The Estate also fails to demonstrate that Lindsey was deliberately indifferent to the safety of Perez and the other inmates.

As to Terhune, the California Department of Correction's official written shooting policy and Terhune's implementation of that policy did not demonstrate the deliberate indifference to the safety of the SVSP inmates necessary to amount to a violation of the Eighth Amendment. The Estate also fails to assert facts that would demonstrate that Terhune was deliberately indifferent to the risk of harm regarding the training and supervision of guards at SVSP or that he acted with deliberate indifference with respect to the number of shootings that occurred at SVSP.

All Appeals in Consolidated Appeal 00–17301 are **AFFIRMED.**

---

1. Because we affirm the district court's summary judgment on the merits, we do not reach the district court's conclusion that Lindsey is also entitled to qualified immunity with respect to his implementation of the prison's shooting policy.